# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| R. VINCE STIDHAM, ET AL., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:15CV00015 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Kenneth R. Russell, Jr., and Mary F. Russell, Hale, Lyle & Russell, Bristol, Tennessee, for Plaintiffs; Kyle L. Bishop, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., for Defendant.*

In this civil action, the plaintiffs seek reimbursement of amounts paid to the IRS as a result of tax liens on real property owned by them but which taxes they claim were actually owed by their lessee. The plaintiffs do not challenge the underlying tax liability, but only whether it was their responsibility to pay. The United States has moved to dismiss the action on the ground that the court lacks subject-matter jurisdiction. I agree, and will grant the Motion to Dismiss.

I.

The facts as alleged in the Complaint, and which are accepted as true for the purposes of the present motion, are as follows.

The plaintiffs — R. Vince Stidham, his wife Connie A. Stidham, Jeffery A. Stidham, and his wife April L. Stidham — were the owners of real property located at 600 Anderson Street, Bristol, Tennessee (the "Property"). After purchasing the Property, they leased it to Stidham Automotive Services Center Inc. ("Stidham Automotive").[1] The lease was in effect until February 2013, when Stidham Automotive stopped paying rent.

Pricilla Eileen Stidham and Henry Ayers Stidham are the parents of plaintiffs Jeffery A. Stidham and R. Vince Stidham, but they are not parties to this proceeding. The parents are the sole owners of two corporate entities — Stidham Tire Inc. and the previously referenced Stidham Automotive (the "Companies"). At the time the plaintiffs purchased the Property, the Companies owed delinquent taxes to the IRS.

On September 14, 2012, the Internal Revenue Service placed so-called nominee liens against the Property.[2] In short, the plaintiffs contend that the IRS

---

[1] The plaintiffs refer to Stidham Automotive as the lessor, but based on the context of the Complaint, it appears that it was the lessee.

[2] "A nominee is one who holds bare legal title to property for the benefit of another." *Scoville v. United States*, 250 F.3d 1198, 1202 (8th Cir. 2001) (citing Black's Law Dictionary (7th ed. 1999)). "In the case of a nominee lien, the IRS proceeds 'against an alter ego or nominee of a delinquent taxpayer for the purposes of satisfying the taxpayer's obligations.'" *Macklin v. United States*, 300 F.3d 814, 818 n.2 (7th Cir. 2002) (citation omitted). "Neither the [Internal Revenue] Code itself nor the Federal Regulations mention nominee tax liens. The Internal Revenue Manual, a document published by the [IRS] and provided to agents states that, '[t]o establish a nominee lien situation, it must be shown that while a third party may have legal title to the property, it

viewed the Companies as the beneficial owners of the Property. The plaintiffs, however, deny any basis for nominee liability regarding the Property.

The plaintiffs contend that they made attempts to have the liens released, but were unsuccessful. Nonetheless, on August 31, 2013, the plaintiffs sold the Property for $400,000. After settlement of all obligations to superior creditors, the outstanding taxes were paid to the IRS in order to release the tax liens against the Property.

Based on these facts, the plaintiffs seek a "tax refund" in the amount of $74,169.28 or other alternative relief.[3] The United States has moved to dismiss this proceeding pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that the court lacks subject-matter jurisdiction. Specifically, the United States asserts sovereign immunity based on the plaintiffs' failure to properly comply with statutory mandates governing a third party's challenge of another's tax liability.

---

is really the taxpayer that owns the property and who enjoys its full use and benefit.'" *Spotts v. United States*, 429 F.3d 248, 251 n.1 (6th Cir. 2005) (internal citation omitted).

[3] The Complaint alternatively claims that the wives of Jeffery Stidham and Vince Stidham are entitled to equitable relief as "innocent spouses" (Compl. ¶ 41, ECF No. 1), but this allegation adds nothing to the jurisdictional issue upon which this case is principally decided.

-3-

Case 1:15-cv-00015-JPJ-PMS   Document 8   Filed 07/06/15   Page 3 of 10   Pageid#: 41

*See* 26 U.S.C. §§ 6325(b)(4), 7426(a)(4). The Motion to Dismiss has been fully briefed and is ripe for decision.[4]

## II.

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether the court is competent to hear and adjudicate the claims brought before it. Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways — facial attacks and factual attacks. *See Thigpen v. United States*, 800 F.2d 393, 401 n. 15 (4th Cir. 1986). In this case, the United States mounts a facial challenge, arguing that the plaintiffs failed to comply with the relevant statutory framework required to waive sovereign immunity in this context. In analyzing a facial challenge, the court must proceed as it would on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and accept the allegations in the Complaint as true. *See id.*

Pursuant to the Complaint, the plaintiffs contend that this court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1346(a)(1). This provision states that:

---

[4] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1).

In *United States v. Williams*, 514 U.S. 527 (1995), the Supreme Court relied on the broad waiver of sovereign immunity set forth in section 1346(a)(1) to hold that an "[ex-wife], who paid a tax under protest to remove a lien on her property, ha[d] standing to bring a refund action under 28 U.S.C. § 1346(a)(1), even though the tax she paid was assessed against a third party[, her ex-husband.]" *Id.* at 529; *see also Martin v. United States*, 895 F.2d 992, 994 (4th Cir. 1990) ("Although [§ 1346(a)(1)] is silent as to who can bring the action, implicit in its language is that one against whom the tax was erroneously assessed *or* collected has standing to do so."). In large part, the *Williams* court reached this conclusion because a third-party in the respondent's position would otherwise be left without a remedy to challenge an erroneously or illegally collected tax. *See* 514 U.S. at 536-37; *see also EC Term of Years Trust v. United States*, 550 U.S. 429, 434-35 (2007) (noting that the holding in *Williams* relied "on the specific understanding that no other remedy . . . was open to the plaintiff in that case").

After *Williams*, however, Congress amended the Internal Revenue Code to add subsection (b)(4) to 26 U.S.C. § 6325 and subsection (a)(4) to 26 U.S.C. § 7426. *See, e.g.*, *Munaco v. United States*, 522 F.3d 651, 653-54 (6th Cir. 2008). Section 6325(b)(4) provides a right of substitution of value to discharge property subject to a tax lien, stating that:

> (A)  In general.—At the request of the owner of any property subject to any lien imposed by this chapter, the Secretary shall issue a certificate of discharge of such property if such owner—
>
>> (i) deposits with the Secretary an amount of money equal to the value of the interest of the United States (as determined by the Secretary) in the property; or
>>
>> (ii) furnishes a bond acceptable to the Secretary in a like amount.
>
> (B)  Refund of deposit with interest and release of bond.—The Secretary shall refund the amount so deposited (and shall pay interest at the overpayment rate under section 6621), and shall release such bond, to the extent that the Secretary determines that—
>
>> (i) the unsatisfied liability giving rise to the lien can be satisfied from a source other than such property; or
>>
>> (ii) the value of the interest of the United States in the property is less than the Secretary's prior determination of such value.
>
> (C)  Use of deposit, etc., if action to contest lien not filed.—If no action is filed under section 7426(a)(4) within the period prescribed therefor, the Secretary shall, within 60 days after the expiration of such period—
>
>> (i) apply the amount deposited, or collect on such bond, to the extent necessary to satisfy the unsatisfied liability secured by the lien; and

> (ii) refund (with interest as described in subparagraph (B)) any portion of the amount deposited which is not used to satisfy such liability.

26 U.S.C. § 6325(b)(4). The IRS does not have any discretion to refuse the issuance of a properly applied for certificate of discharge. *See Munaco*, 522 F.3d at 655.

In conjunction with this provision, § 7426(a)(4) provides a judicial remedy to non-taxpayers that obtain certificates of discharge and seek to challenge a tax lien, stating that:

> If a certificate of discharge is issued to any person under section 6325(b)(4) with respect to any property, such person may, within 120 days after the day on which such certificate is issued, bring a civil action against the United States in a district court of the United States for a determination of whether the value of the interest of the United States (if any) in such property is less than the value determined by the Secretary. No other action may be brought by such person for such a determination.

26 U.S.C. § 7426(a)(4). Absent action under this provision, a third party has no means to seek review of the value of the United States' interest in a tax lien in this context. *See Portsmouth Ambulance, Inc. v. United States*, 756 F.3d 494, 504 (6th Cir. 2014); *Wagner v. United States*, 545 F.3d 298, 303 (5th Cir. 2008); *Munaco*, 522 F.3d at 657; *First Am. Title Ins. Co. v. United States*, 520 F.3d 1051, 1053 (9th Cir. 2008).

Pursuant to these post-*Williams* statutory provisions, a third party that seeks to challenge a lien imposed as a result of a tax obligation owed by another is not without a remedy. By following the specific procedure laid out in the Internal Revenue Code, a third-party property owner may avoid a mere release of a lien and obtain a discharge of the lien by obtaining a certificate under § 6325(b)(4). *Cf. Portsmouth Ambulance*, 756 F.3d at 501-02 (noting the procedural consequences of obtaining a release rather than a certificate of discharge). Thereafter, the third party may seek to challenge the lien pursuant to § 7426(a)(4) and attempt to recover all or part of value provided to obtain the certificate of discharge. *See Portsmouth Ambulance, Inc. v. United States*, 943 F. Supp. 2d 806, 811-12 (S.D. Ohio 2013), *aff'd*, 756 F.3d 494 (6th Cir. 2014).

In this case, the plaintiffs do not allege that they ever requested or received a certificate of discharge pursuant to § 6325(b)(4). Moreover, even if one was obtained, the plaintiffs did not initiate this proceeding until at least a year after the taxes were paid following the sale of the Property, which is significantly longer than the 120-day period mandated by § 7426(a)(4). As a result, the plaintiffs are unable to seek relief before this court pursuant to § 7426(a)(4).

The plaintiffs' assertion that this court retains jurisdiction over this matter pursuant to §1346 is unavailing following the previously discussed post-*Williams* revisions to the Internal Revenue Code. As noted by the Supreme Court in a

similar context, "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990); *EC Term of Years Trust*, 550 U.S. at 433 (noting that "a precisely drawn, detailed statute pre-empts more general remedies"). Moreover, I am required to construe any ambiguities regarding the intent of Congress in favor of immunity. *See Williams*, 514 U.S. at 531. As a result, I agree with the overwhelming weight of authority that §§ 6325(b)(4) and 7426(a)(4) supersede the holding in *Williams* and are controlling in this context.

As a final matter, I am not persuaded by the plaintiffs' argument that a distinction exists between a challenge to the "validity" of a lien or the "value" of a lien. The plaintiffs contend that a challenge to the validity of a lien is outside of the purview of §§ 6325(b)(4) and 7426(a)(4), requiring application of § 1346 to this case. However, to the extent that the nominee liens in this case are not "valid" — in that the Companies had no ownership of the Property — the IRS liens would also have no "value." *See* 26 U.S.C. § 7426(a)(4) (allowing for a determination of "whether the value of the interest of the United States *(if any)* in such property is less than the value determined by the Secretary" (emphasis added)). In this respect, I believe that §§ 6325(b)(4) and 7426(a)(4) encompass the type of challenge the plaintiffs seek to assert in this proceeding. *See Portsmouth*

*Ambulance*, 756 F.3d at 497 (examining this issue in the context of alter ego liability between two independent corporations).

For these reasons, it is **ORDERED** that the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 5) is GRANTED. A separate Final Order will be entered herewith.

    ENTER: July 6, 2015

    /s/ James P. Jones
    United States District Judge